

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

RACHEL SANDERS,         §
          Plaintiff,        §
        §
vs.                    §       Civil Action No. 0:20-01287-MGL
        §
NOVANT HEALTH, INC.,     §
          Defendant.       §

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS

## I.    INTRODUCTION

Plaintiff Rachel Sanders (Sanders) brought this action alleging workers' compensation retaliation by discharge under S.C. Code Ann. § 41-1-80 against her former employer, Novant Health, Inc. (Novant Health), in the York County Court of Common Pleas (*Sanders II*).  Novant Health subsequently removed it to this Court under 28 U.S.C. §§ 1441(a) and 1446(b).  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

Pending before the Court is Novant Health's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Having carefully considered Novant Health's motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Novant Health's motion will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

Sanders began working for Novant Health as a Clinic Administrator I on or around December 3, 2018.  Novant Health is a healthcare provider with numerous hospitals and physician practices serving patients in North Carolina, South Carolina, and Virginia.  As is relevant to this case, Novant Health has a physician practice in York County, South Carolina [Rock Hill Office].

Sanders suffers from asthma, and on the first day she began working in the Rock Hill Office, she allegedly started experiencing a myriad of symptoms resulting from a serious allergic reaction.  According to Sanders, mold at the Rock Hill Office caused her allergic reaction.

Novant Health attempted to remediate the mold issue at the Rock Hill Office.  During the mold remediation process, Novant Health temporarily placed Sanders at different healthcare facilities that could use her assistance.  Before the end of December 2018, and within Sanders's first month of employment at Novant Health, she filed a workers' compensation claim relating to her mold exposure at the Rock Hill Office.  Sanders's workers' compensation claim was ultimately denied.

On April 8, 2019, Sanders, while still employed at Novant Health, filed a lawsuit in the York County Court of Common Pleas against Novant Health, three Novant Health physicians in their individual capacities, the owner of the Rock Hill Office building, a mold remediation company, a heating and cooling company, and a construction company that provided air testing and/or mold remediation at the Rock Hill Office (*Sanders I*).  Sanders asserted claims of negligence, workers' compensation retaliation by demotion, premises liability, civil conspiracy, and breach of contract, all arising out of her employment relationship with Novant Health and the mold issue at the Rock Hill Office.  Sanders's claims against Novant Health consisted of negligence, breach of contract, and workers' compensation retaliation by demotion.

Novant Health, on May 14, 2019, moved to dismiss *Sanders I* under S.C. R. Civ. P. 12(b)(6) for failure to state a claim. Sanders filed a memorandum of law in opposition to Novant Health's motion to dismiss, and the state court held oral arguments on the motion. The state court, on February 6, 2020, granted Novant Health's motion to dismiss the claims against it. As to Sanders's claims against Novant Health for negligence and breach of contract, the state court held they were barred by the South Carolina Workers Compensation Act.

Regarding Sanders's workers' compensation retaliation claim by demotion, the state court held her "argument that her relocations constituted a functional demotion is not sufficient to state a claim[] for workers' compensation retaliation."). *Sanders I* Order at 5. The state court, in its order, also noted Sanders "has since been terminated from Novant [Health] and [Sanders]'s counsel stated at the hearing that he intends to seek leave to file a motion to amend her [c]omplaint to allege [a workers' compensation retaliation claim by] discharge. To date, [Sanders] has not moved to amend her complaint and therefore this claim is not before the [c]ourt." *Id.* The state court failed to specify whether it granted Novant Health's motion to dismiss with or without prejudice.

Approximately three weeks after the state court granted Novant Health's motion to dismiss *Sanders I*, Sanders filed a second action against Novant Health in the York County Court of Common Pleas (*Sanders II*). In *Sanders II*, Novant Health is the only defendant and Sanders asserted a single claim against it: workers' compensation retaliation by discharge. *See Sanders II* Compl. ¶ 26 (noting that Novant Health retaliated against Sanders by terminating her employment).

Novant Health, on April 3, 2020, removed the matter to this Court pursuant to the diversity of citizenship statute, 28 U.S.C. § 1332(a)(1), and subsequently filed a motion to dismiss for failure

to state a claim.  Sanders then responded, and Novant Health replied.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III.    STANDARD OF REVIEW

Affirmative defenses such as res judicata or collateral estoppel may support a movant's Rule 12(b)(6) motion to dismiss for failure to state a claim.  *See Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1967) ("Plaintiffs contend that res judicata cannot properly be raised in the context of a motion to dismiss, an argument which we reject as against the weight of authority.").

A federal court sitting in diversity jurisdiction must apply the res judicata or collateral estoppel law of the state from which the original judgment issued.  *See Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 481–82 (1982) ("It has long been established that [28 U.S.C.] § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments."); *In re McNallen*, 62 F.3d 619, 624 (4th Cir. 1995) ("In determining the preclusive effect of a state-court judgment, the federal courts must, as a matter of full faith and credit, apply the forum state's law of collateral estoppel.").

## IV.    DISCUSSION AND ANALYSIS

Novant Health avers res judicata bars Sanders's workers' compensation retaliation by discharge claim.  "To establish res judicata, three elements must be shown: (1) identity of the [same] parties; (2) identity of the [same] subject matter; and (3) adjudication of the issue in the former suit.  *Riedman Corp. v. Greenville Steel Structures, Inc.*, 419 S.E.2d 217, 218 (S.C. 1992). Stated differently, "In a subsequent suit between the same parties on the same claim, a judgment

in the former suit is conclusive as to every matter that might have been determined[.]" *Johnston-Crews Co. v. Folk*, 111 S.E. 15, 19 (S.C. 1922).

Novant Health contends, among other things, because there was an adjudication of Sanders's workers' compensation claim in *Sanders I*, res judicata bars her claim. In support of this position, Novant Health posits because the state court "held that [Sanders's] workers' compensation retaliation claim with respect to work assignments failed to state a claim as a matter of law," the state court's order was issued with prejudice and acted as a final adjudication of Sanders's workers' compensation retaliation claim. Novant Health's Reply at 1 (emphasis modified).

Sanders, on the other hand, argues "res judicata . . . [is] inapplicable because there was no final adjudication on the merits in *Sanders I*." Sanders's Resp. at 6. In particular, Sanders claims because she argued workers' compensation retaliation by demotion in *Sanders I*,—and failed to argue workers' compensation retaliation by discharge,—the state court's order is not "a decision on the merits" as to her workers' compensation retaliation claim, resulting in the state court dismissing her claim without prejudice. *Id.* at 7. "[T]o prove a [workers' compensation retaliation claim], a plaintiff must establish three elements: 1) institution of workers' compensation proceedings, 2) discharge or demotion, and 3) a causal connection between the first two elements."). *Hinton v. Designer Ensembles, Inc.*, 540 S.E.2d 94, 97 (S.C. 2000).

 "When a complaint is dismissed under [S.C.] Rule 12(b)(6) for failure to state facts sufficient to constitute a cause of action, the dismissal generally is without prejudice." *Spence v. Spence*, 628 S.E.2d 869, 881 (S.C. 2006). But, "when the [trial court examines the] complaint [and it] shows affirmatively that plaintiff is not entitled to relief in any view of the case, dismissal

of the action is proper; and, in such cases, the judgment of dismissal will bar another action for the same cause." *Owens v. Atl. Coast Lumber Corp.*, 94 S.E. 15, 16 (S.C. 1917).

Thus, in determining whether the state court dismissed *Sanders I* with prejudice, the dispositive issue is whether the state court determined Sanders was unentitled to relief under any circumstance.  The state court's order answers this question in the negative.  In *Sanders I*, the state court's order noted that Sanders "has since been terminated from Novant [Health] and [Sanders]'s counsel stated at the hearing that he intends to seek leave to file a motion to amend her [c]omplaint to allege retaliatory discharge.  To date, [Sanders] has not moved to amend her complaint and therefore this claim is not before the [c]ourt." *Sanders I* Order at 5.

Consequently, the state court's admission it failed to consider Sanders's workers' compensation retaliation claim under a discharge theory precludes a determination it held Sanders is unentitled to relief under any circumstances, *see generally Owens*, 94 S.E. at 16 (noting "when the complaint shows affirmatively that plaintiff is not entitled to relief in any view of the case, dismissal of the action is proper").  Thus, the Court concludes the state court, in *Sanders I*, dismissed Sanders's complaint without prejudice.  Because no "adjudication of the issue [of workers' compensation retaliation by discharge] in the former suit" occurred, res judicata fails to apply in the instant case. *Riedman Corp.*, 419 S.E.2d at 218.  Therefore, the Court will deny Novant Health's motion to dismiss *Sanders II* under res judicata.

### A. Whether collateral estoppel applies to this motion

Although Novant Health claims its motion to dismiss "is based solely on res judicata grounds[,]" Novant Health's Reply at 4, it argues collateral estoppel precludes Sanders from asserting a workers' compensation retaliation by demotion claim in the instant action.  Novant

Health makes this argument because it understood *Sanders II* to reassert a workers' compensation retaliation by demotion claim as well.

But, Sanders, in her response, clarified *Sanders II* involves only a workers' compensation retaliation by discharge claim, not demotion. *See* Sanders's Resp. at 6 (noting that Sanders "reinitiated [her] suit against [Novant Health] based upon Workers' Compensation Retaliation as it relates to her discharge."); *Id.* at 7 ("Plaintiff hereby requests that the Court enter an Order denying Defendant's motion to Dismiss as it relates to Plaintiff's claim for retaliatory discharge pursuant to the Workers' Compensation Retaliation Act under *Sanders II*.").

Consequently, because Sanders confirms *Sanders II* involves only a claim for workers' compensation retaliation by discharge, and not demotion, the Court will not address Novant Health's collateral estoppel argument.

## V.    CONCLUSION

For the reasons stated above, it is the judgment of the Court Novant Health's motion to dismiss *Sanders II* is **DENIED.**

   **IT IS SO ORDERED.**

Signed this 25th day of March 2021, in Columbia, South Carolina.


                              s/ Mary Geiger Lewis
                              MARY GEIGER LEWIS
                              UNITED STATES DISTRICT JUDGE