

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| RACHEL SANDERS,<br>　　　　Plaintiff,<br><br>vs.<br><br>NOVANT HEALTH, INC.,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 0:20-01287-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Plaintiff Rachel Sanders (Sanders) brought this action alleging workers' compensation retaliation by discharge under S.C. Code Ann. § 41-1-80 against her former employer, Novant Health, Inc. (Novant Health), in the York County Court of Common Pleas. Novant Health subsequently removed the case to this Court under 28 U.S.C. §§ 1441(a) and 1446(b). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

Pending before the Court is Novant Health's motion for summary judgment. Having carefully considered Novant Health's motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Novant Health's motion will be granted.

**II.     FACTUAL AND PROCEDURAL HISTORY**

Sanders began working for Novant Health as a Clinic Administrator I on or around December 3, 2018. Novant Health is a healthcare provider with numerous hospitals and physician

practices serving patients in North Carolina, South Carolina, and Virginia. As is relevant to this case, Novant Health has a physician practice in York County, South Carolina [the Rock Hill Office].

Sanders suffers from asthma, and on the first day she began working in the Rock Hill Office, she allegedly started experiencing a myriad of symptoms resulting from a serious allergic reaction. According to Sanders, mold at the Rock Hill Office caused her allergic reaction.

Novant Health attempted to remediate the mold issue at the Rock Hill Office. During the mold remediation process, Novant Health temporarily placed Sanders at different healthcare offices that could use her assistance.

Before the end of December 2018, and within Sanders's first month of employment at Novant Health, she filed a workers' compensation claim relating to her mold exposure at the Rock Hill Office. Sanders's workers' compensation claim was ultimately denied. Several months later, Sanders filed a second workers' compensation claim, relating to the mold issue at the Rock Hill Office, which resulted in her receiving a monetary settlement.

Sanders returned to the Rock Hill Office after Novant Health completed the mold remediation, but she claimed to still have allergy-related issues. Novant Health then transferred Sanders to its Mountain Island Office, but soon relocated her to its Mooresville Office after only six days due to her contention the Mountain Island Office also had mold-related issues. According to Sanders, the Mountain Island and Mooresville Offices are approximately a ninety-to-one-hundred-and-twenty-minute drive, one way, from her home. Thus, Sanders posits she had to travel a combined three to four hours per day for work while at the Mountain Island and Mooresville Offices. Sanders remained at the Mooresville Office until the termination of her employment by Novant Health for alleged excessive absenteeism from work.

As the Court noted above, Sanders filed this action against Novant Health in the York County Court of Common Pleas.  In Sanders's complaint, she asserted a single claim against it: workers' compensation retaliation by discharge.

Novant Health removed the matter to this Court pursuant to the diversity of citizenship statute, 28 U.S.C. § 1332(a)(1), and subsequently filed a motion to dismiss for failure to state a claim that the Court denied.  Novant Health filed the instant motion for summary judgment, Sanders responded, and Novant Health replied.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in her favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  *See* Rule 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A).  A litigant

3

"cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).  Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).  "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).   The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

**IV.     DISCUSSION AND ANALYSIS**

Prior to addressing the parties' arguments, the Court will provide a brief primer on South Carolina's workers' compensation retaliation by discharge statute, Section 41-1-80.  This Section provides "[n]o employer may discharge . . . any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law[.]" *Id*.  "[T]o prove a claim under [Section] 41-1-80, a plaintiff must establish three elements: 1) institution of workers' compensation proceedings, 2) discharge or demotion, and 3) a causal connection between the first two elements." *Hinton v. Designer Ensembles, Inc.*, 540 S.E.2d 94, 97 (S.C. 2000).  The "appropriate test of causation under [Section] 41-1-80" is the determinative-factor test that "requires proof that the employee would not have been discharged

4

'but for' the filing of the claim." *Wallace v. Milliken & Co.*, 406 S.E.2d 358, 360 (S.C. 1991) (footnote omitted).

If a plaintiff establishes a prima facie case of workers' compensation retaliation by discharge, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for discharge. *Id.* Relevant to this case, Section 41-1-80 states, in part, "[a]ny employer shall have as an affirmative defense to this [S]ection the following: willful or habitual tardiness or absence from work . . . ." Section 41-1-80.

If the defendant satisfies its burden and articulates a legitimate, non-retaliatory reason for discharge, the plaintiff "must provide evidence sufficient to support the conclusion the employer's proffered reason for discharging the employee was pretext for retaliation." *Porter v. U.S. Alumoweld Co., Inc.*, 125 F.3d 243, 248 (4th Cir. 1997). A plaintiff is unable to support allegations of pretext with mere temporal proximity. *See Marr v. City of Columbia*, 416 S.E.2d 615, 617 (S.C. 1992) (rejecting a retaliatory discharge claim where "[t]he only evidence remotely suggesting a retaliatory motive for discharge is the proximity of the claim to the discharge.").

> The ultimate burden of persuading the trier of fact that the employer retaliatorily discharged the employee for exercising statutory rights under the Act remain[s] *at all times with the employee. The burden of persuasion never shifts and the employee bears the burden of persuasion that the reason given for termination was pretextual . . . .* The employee may succeed in this, either directly by persuading the court that the discharge was significantly motivated by retaliation for her exercise of statutory rights, or indirectly by showing that the employer's proffered explanation is unworthy of credence.

*Hinton*, 540 S.E.2d at 97 (quoting *Wallace*, 406 S.E.2d at 360).

Novant Health argues, among other things, even if the Court concludes Sanders establishes a prima facia case of retaliation by discharge, which it denies, it has established a statutory affirmative defense, termination for excessive absenteeism, which fails to constitute a pretext for

5

retaliation. Sanders, on the other hand, disagrees and posits Novant Health's statutory affirmative defense is a mere pretext for retaliation.

Here, the Court concludes Sanders has failed to meet her burden to put forth evidence Novant Health's proffered reason for termination is pretextual. Sanders, in attempting to establish pretext, contends Novant Health's reasoning is undercut by a demonstrated "retaliatory animus toward [her by placing her at office locations located ninety to one hundred and twenty minutes from her home.]" Resp. in Opp'n at 11.

This assertion, the Court concludes, is "[m]ere unsupported speculation . . . [that] is not enough to defeat a summary judgment motion." *Ennis*, 53 F.3d at 62. After fully engaging in the discovery process, Sanders has "pointed to no evidence[, other than her personal beliefs,] that any jobs were available [at Novant Health] during [the relevant] time period that were closer to her residence." Reply at 4.

At bottom, Sanders has failed to present any evidence at the summary judgment stage, outside of her bare contentions, that Novant Health's placement of her at the Mountain Island and Mooresville Offices constituted a retaliatory animus for her filing of the workers' compensation claims. *See e.g., Zoby v. American Fidelity Co.*, 242 F.2d 76, 80 (4th Cir. 1957) ("[T]o resist a motion for summary judgment, the party against whom it is sought must present some evidence to indicate that the facts are in dispute . . . , [and the non-movant's] bare contention that the issue is disputable will not suffice.").

Sanders also posits the lack of any formal reprimand for her absenteeism, prior to being terminated, is further evidence Novant Health's reason for terminating her was pretextual. Novant Health avers this contention is "nonsensical[,]" as Sanders "is arguing as proof she is retaliated against that [Novant Health] should have taken more disciplinary action against her." Reply at 6.

6

Notwithstanding Sanders's inability to provide any case law supporting her contention the lack of any reprimand for absenteeism prior to her termination demonstrates pretext, as discussed above, the only inference that may be drawn from the evidence in this case is that Novant Health terminated her employment for absenteeism. Thus, Sanders fails to meet her burden to prove pretext.

Lastly, Sanders maintains her repeated absences from work are excusable due to the injuries she sustained in the underlying workers' compensation claim. Specifically, Sanders concedes "she had some absences while employed with [Novant Health,]" Resp. in Opp'n at 10, but notes they were due to complications relating to her exposure to mold at the Rock Hill Office and the health effects resulting from having an unreasonably long commute to the Mountain Island and Mooresville Offices, *id.* This argument, the Court concludes, is meritless. It is axiomatic Section 41-1-80 fails to require an employer to retain an employee who is unable to perform the duties of her job simply because her inability to perform the duties results from an on-the-job injury.

Consequently, when viewing all the evidence in a light most favorable to Sanders, a reasonable trier of fact would be unable to conclude Novant Health's affirmative defense for her termination was pretextual. Thus, the Court will grant Novant Health's motion for summary judgment.

Because this issue is dispositive, the Court need not address the parties' other arguments.

### V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Novant Health's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

Signed this 2nd day of March 2022, in Columbia, South Carolina.

                                                  s/ Mary Geiger Lewis
                                                  MARY GEIGER LEWIS
                                                  UNITED STATES DISTRICT JUDGE